IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                              Case No.:4:10-cr-92-SPM/WCS

STEPHEN ELLERY PERRETTA,

    Defendant.
_____/

## ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA AND APPOINTING NEW COUNSEL

This cause comes before the Court on the Defendant's Motion to Withdraw Guilty Plea and Appoint New Counsel (doc. 42). As grounds for the withdrawal of his guilty plea, Defendant asserts that his guideline range as calculated in the PSR is greater than he expected. While a mathematical error on the part of his attorney accounts for some of this discrepancy, the remaining difference between the Defendant's anticipated guideline range and the guideline range as calculated in the PSR is attributable to the Defendant's physical altercation with a witness while in custody and a resulting potential guideline enhancement for obstruction of justice and loss of a guideline reduction for acceptance of responsibility.

After the district court has accepted a guilty plea and before sentencing, the defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," the district

court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 471 (11th Cir.1988).

Upon consideration of the totality of the circumstances, including the above referenced factors, this Court determines that there is no fair and just reason to allow the Defendant to withdraw his guilty plea. The Defendant's guilty plea was made on February 2, 2011, with the close assistance of counsel, and the Defendant does not object that his plea was voluntarily entered. As part of the plea colloquy, the Magistrate Judge advised the Defendant of his minimum and maximum sentence, as did paragraph (1) of the terms of the Defendant's plea agreement. The plea agreement further states that the sentence to be imposed is left solely to the discretion of the Court and that such discretion is limited only by the statutory maximum sentence. Moreover, the Defendant was advised that the Magistrate Judge would make a recommendation to this Court for the acceptance of the guilty plea; yet, the Defendant never objected to this Court's acceptance thereof. It was not until after the Defendant's March 1, 2011, fight with a fellow prisoner, who is also a witness in this case, and the subsequent reconsideration of his guidelines by the probation office that the

Defendant sought to withdraw his guilty plea at his sentencing hearing on May 16, 2011. This written motion followed. The Defendant's untimely and self-serving request does nothing to negate the truthfulness and validity of his previously entered guilty plea, and to allow a withdrawal thereof on the basis asserted would squander judicial resources and prejudice the government, whose material witness has allegedly been retaliated against by the Defendant.

Moreover, while the Court finds that the Defendant has been effectively and zealously represented by the Federal Public Defender, as the Defendant has made his dissatisfaction with his present counsel clear, the Court will appoint new counsel to prepare for his sentencing.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Defendant's Motion to withdraw his guilty plea is *denied*.
2. Attorney Randolph P. Murrell is removed as counsel for the Defendant and is relieved of all further responsibility in this case.
3. CJA Panel Attorney Paul Villeneuze is appointed to represent the Defendant in this matter.
4. Sentencing is rescheduled for July 18, 2011, at 1:30 p.m. in Tallahassee, Florida.

**DONE AND ORDERED** this second day of June, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge